# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JANICE THOMPSON and
DONALD L. THOMPSON,

    Plaintiffs,

v.                                                        Civil No. 98-1034 JC/WWD ACE

WAL-MART STORES, INC.,
a Delaware Corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Compel Discovery from Plaintiffs, filed February 5, 1999 [29-1]. Wal-Mart seeks an order compelling Plaintiffs to respond to discovery requests and striking Plaintiffs' objections, which Wal-Mart contends were untimely. I will address the issues raised in Plaintiffs' Amended Memorandum, which are those that parties have apparently have been unable to resolve since the filing of the motion to compel.

*Waiver of Untimely Objections*

Wal-Mart seeks to strike all of Plaintiff's objections for Interrogatories Nos. 11, 14, 15, 16, 22, 24, 25, 26 and 27 on the basis of untimeliness. The objections were served at the same time as the responses, which were six days late. I share Wal-Mart's skepticism at what Plaintiffs characterize as an agreement to extend time to respond, where Plaintiffs made an informal request for an extension only *after* receiving a warning from Wal-Mart when the responses were overdue. At the same time, I am equally skeptical of what is asserted by Wal-Mart to be a "good faith" effort to resolve the discovery disputes. Defendant waited until one day before the time limit was

up under D.N.M.LR-Civ. 26.6 for filing a motion to compel before approaching Plaintiffs on the subject of coming to some kind of agreement. If by that time it was not feasible to seek a formal extension of time from the Court, it was only because of Wal-Mart's delay, not Plaintiffs'.

While Wal-Mart's "Amended Memorandum" has made for better use of judicial resources by narrowing the issues, it does not completely absolve Defendant of its "quick and dirty" approach to the good faith conferral requirement in Fed.R.Civ.P. 37(a)(2). Cmp., e.g., Pulsecard Inc. v. Discover Card Serv., Inc., 168 F.R.D. 295, 302 (D.Kan. 1996) (plaintiff's counsel failed to satisfy duty to confer with opposing counsel prior to filing motion to compel discovery responses, where efforts of plaintiff's counsel consisted solely of one letter between counsel). Because both parties have engaged in discovery without strict compliance with the local and federal rules, I will overlook these deficiencies in this instance, and will reach the merits of the dispute.

*Interrogatories Nos. 11,14 and 22*

Interrogatory No. 11 requests all statements from witnesses, including statements made by Defendant regarding this case. Plaintiffs' objections as to the request being broad, vague and "unintelligible" are not well-taken in light of the way the request is phrased in the Defendant's Amended Memorandum, which makes clear that Wal-Mart seeks statements made "regarding this case." Amended Mem. at 2. Plaintiffs state they do not have this information. Plaintiffs are advised to make certain this is so, with the knowledge that they will not be able to use any statements at trial which would be responsive to Interrogatory No. 11 but which are not produced pursuant to this Order.

Interrogatory No. 14 requests Plaintiffs to identify exhibits which they will use at trial. Plaintiffs state that they do not know at this time which exhibits will be used and also refer

Defendant to the Initial Disclosures, which are included in the Initial Disclosures on pages 7 to 9 of the Initial Pre-Trial Report. If Plaintiffs wish to rely on portions of another document (i.e., the IPTR) to respond to Interrogatory No.14, they should copy those portions into the answer to the interrogatory unless they are so lengthy that it would be more appropriate to attach them as an appendix. Plaintiffs should modify their response to Interrogatory 14 as I have indicated, remembering their duty to supplement under Fed.R.Civ.P.26(e).

Interrogatory No. 22 requests the Plaintiffs' version of the facts on which they base their allegations of liability, to which Plaintiffs object on grounds of vagueness, scope and time. Notwithstanding their objections under Fed.R.Civ.P.33(b)(1), Plaintiffs have provided a sufficient response and need not answer further.

*Improper Reference to Documents*

Interrogatories No. 20 and 21 ask for information on medical injuries and treatment, respectively. For some reason, Wal-Mart claims that it cannot accurately extract this information from Plaintiffs' medical records. While bodily injury and treatments are certainly at issue here, Plaintiffs are under no obligation to pore through the medical records, having already directed Defendant to the records that contain the information, and having no advantage over Defendant in knowledge of the way the records have been compiled. See Fed.R.Civ.P.33(d). However, Plaintiffs will be required to furnish Defendant with those contentions which are not usually readily discernible from the medical records and which were not included in the response: namely, a general description of alleged injuries for which Plaintiffs are claiming Defendant's conduct is responsible; a statement as to which injury, illness or disability from which they claim to have recovered; and the approximate dates of recovery or prognosis, if any, for recovery.

3

*Other Documents, Policies and Materials Generated by Wal-Mart*

Interrogatories Nos. 24, 25 and 26 seek documents, policies, procedures, depositions and statements, made or given by Wal-Mart and or its agents and which are in Plaintiffs' or their attorneys' custody. Plaintiffs object on the basis of attorney work product and burdensomeness. It does not necessarily follow that because Plaintiffs' counsel Mr. Hyman makes a living suing Wal-Mart, documents and materials generated by Wal-Mart which he has amassed in his practice over time have become privileged through work product. Nor should such material be withheld from disclosure only to be brought out later at trial to ambush the opposing side. See, e.g., Hickman v. Taylor, 329 U.S. 495 (1947)(Jackson, J., concurring opin.) (discovery should provide a party access to anything that is evidence in his case).

Plaintiffs have not sufficiently shown that documents and material generated by Wal-Mart and which are now in Plaintiffs' possession are work product under Fed.R.Civ.P. 26(b)(3); Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984), cert. den., 469 U.S. 1199 (1985) (burden on party asserting privilege). The individual documents themselves cannot be considered work product of Plaintiffs' attorney, since they were generated or prepared by Defendant. Also, although there are situations where the very selection or compilation of the material can be considered to be the more highly protected category of opinion work product, see Fed.R.Civ.P. 26(b)(3), this is not one of them. I agree with Defendant that the cases cited by Plaintiffs are distinguishable because they involve the selection or compilation of documents carried out for the purpose of litigating a specific legal action or suit, not a collection of materials kept in an ongoing file, which is the case here.

Plaintiffs' objections as to burdensomeness, however, are sustained. Further, whether

4

these requests would require a review of over 50 boxes and 70,000 pages of documents is not an issue because I find that Defendant is entitled only to material which is relevant to the disputed facts in the underlying proceedings, not to every case in which Wal-Mart was or will be involved. See Rich v. Martin Marietta Corp., 522 F.2d 333 (10th Cir. 1978). Even under the federal rules' broad scope of discovery, production would be limited to all documents relevant to the incidents in this lawsuit and all statements made which pertain to this case. Fed.R.Civ.P.26(b)(3) (party may obtain . . . statement concerning the action or its subject matter previously made by that party). Therefore, Plaintiffs shall provide policies, procedures, statements and depositions made or given by Wal-Mart or its agents which fall into those categories. Material which is responsive to these requests and is not disclosed to Wal-Mart will be subject to the Court's close scrutiny should Plaintiffs later attempt to rely on such material.

*Requests for Production Nos. 1, 8, 9, and 13*[1]

Plaintiffs' responses to Requests Nos. 1 and 8 are insufficient. While reference to the Initial Disclosures may have been adequate for purposes of identification of witnesses and exhibits (Requests Nos. 1 and 8, respectively), it is not adequate where documents or tangible material are sought. Therefore, Plaintiffs shall produce statements or documents which are written or otherwise recorded by witnesses to Plaintiffs' allegations in the complaint, as well as phone numbers and addresses for these witnesses where missing. For those documents Wal-Mart

---

[1] Defendant characterizes Request No. 11 as requesting statements made by witnesses. Because No. 11 in the exhibit attached to the Amended Memorandum requests federal and state income tax returns, I do not address this request.

already has in its possession,[2] the description should be specific enough so that the items are easily identified (e.g., *which* version of the Wal-Mart safety handbook, etc.). I leave to the common sense of counsel how to best accomplish this with the minimum of formality it deserves. Plaintiffs shall also specify which Wal-Mart documents in the possession of Plaintiffs' counsel and sought by Wal-Mart are subject to a confidentiality agreement. These documents will be produced back to Wal-Mart within ten days following a release by Wal-Mart to use the documents for purposes of this litigation.

Request No. 9 seeks documents used in relation to obtaining opinions from expert witnesses whom Plaintiffs have "contacted, consulted with in any way, or employed." Plaintiffs have already produced the report of Melissa Patterson, an economist. If Plaintiffs have retained a safety expert and biomechanical expert, as they anticipated doing according to the Initial Pretrial Report, they are required to provide Wal-Mart with the information requested in Request No. 9. However, Plaintiffs are not required to disclose information on experts informally consulted but not retained. See Ager v. Jane C. Stormont Hosp. & Training School for Nurses, 622 F.2d 496, 498 (10th Cir. 1980) (if consultation with medical expert was strictly on an informal basis and such expert was not "retained" or "specially employed," the identity of such expert need not be disclosed).

I have addressed the issues relating to Request No. 13 in the section above discussing Interrogatories 24, 25 and 26. Plaintiffs shall furnish materials responsive to Request for Production No. 13 within the same parameters, by producing all documents generated by Wal-

---

[2] In their response to Request No. 8, Plaintiffs state that all the documents referred to in the Initial Disclosures have already been produced.

Mart now in Plaintiffs' possession which are relevant to the incidents in this lawsuit, including those which qualify as statements made by Wal-Mart or its agents which pertain to this case.

**WHEREFORE**,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery from Plaintiffs **[29-1]** is hereby GRANTED IN PART, as delineated above;

**IT IS FURTHER ORDERED** that Plaintiffs shall comply with the directives in this Order on or before <u>March 19, 1999</u>. On or before this date, Plaintiffs will also identify with particularity those Wal-Mart documents in their possession which are sought to be produced by Defendant but which are protected by a confidentiality agreement between the parties.

_____
UNITED STATES MAGISTRATE JUDGE