**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JANICE THOMPSON and
DONALD L. THOMPSON,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　Civil No. 98-1034 JC/WWD ACE

WAL-MART STORES, INC.,
a Delaware Corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Exclude Evidence and for Sanctions filed March 25, 1999.

Background.

Plaintiffs allege that Plaintiff Janice Thompson was injured on January 10, 1997, when bags of kitty litter fell on her in Defendant's store. On February 1, 1999, Plaintiff's attorneys or agents were discovered taking certain photographs inside and outside the store. Defendant's agents told the photographers to leave, explaining that Wal-Mart did not allow pictures to be taken inside its store. Defendant now seeks to bar the use of the photographs taken since Plaintiffs did not make a request under Fed. R. Civ. P. 34 or otherwise.

Discussion.

Under the circumstances I find no violation of Fed. R. Civ. P. 34. The areas photographed were in the public areas of the store during regular business hours. There is no suggestion that the policy prohibiting photographs was posted anywhere where a customer would

have seen it.  There is no suggestion that the photographers were told of the no photo policy upon entering the store with their cameras.  There is no showing that such a no photo policy is customary and that Plaintiffs should be expected to abide by the custom.  Finally, there is no showing that the photographers continued to take photographs after they were asked to stop.  The fact that a law suit was pending and that an avenue for taking the pictures may have existed under Fed. R. Civ. P. 34 does not mean that taking the pictures under the circumstances detailed above was improper.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Exclude Evidence and for Sanctions be, and it is hereby, **DENIED.**

_____
UNITED STATES MAGISTRATE JUDGE