IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANICE THOMPSON and
DONALD L. THOMPSON,

     Plaintiffs

    vs.                                    No. CIV 98-1034 JC/KBM (ACE)

WAL-MART STORES, INC.
a Delaware Corporation,

     Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Exclude Expert Testimony by Plaintiffs' Neuropsychologist Mary Loescher, Ph.D., filed July 20, 1999 *(Doc. 80)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that Defendant's motion is not well taken and will be denied.

### I.    Background

Plaintiffs Janice Thompson and Donald L. Thompson allege that while shopping at Wal-Mart on January 10, 1997, Ms. Thompson sustained various injuries when she was struck on the head and neck by falling bags of cat litter. On the day of the incident in question, Ms. Thompson was seen by emergency physicians at Kirtland Air Force Base Hospital. Physicians referred her to a neurologist, Dr. Kenneth Mladinich, for short term care. Dr. Mladinich in turn referred Ms. Thompson to Dr. Jonathan Burg, a physical rehabilitation therapist, for long term care. On March 5, 1997, Dr. Burg referred Ms. Thompson to Mary Loescher, Ph.D., for neuropsychological evaluation and

further treatment. Dr. Loescher administered a series of cognitive tests to Ms. Thompson in April of 1997, and performed a similar battery of tests on Ms. Thompson in February of 1998.

The nature of this motion requires that particular attention be paid to the rather complicated chronology of disclosures involving Dr. Loescher. Plaintiffs did not identify Dr. Loescher as an expert witness in their Initial Pretrial Report, filed November 9, 1998 *(Doc. 22)*, but did name her as a treating physician. Moreover, Plaintiffs did not identify Dr. Loescher as an expert witness in Plaintiffs' Answers to Defendant Wal-Mart Stores, Inc.'s Interrogatories, dated December 17, 1998 (attached within Exhibit A to Mem. in Support of Def.'s Mot. to Exclude Testimony by Pls.' Neuropsychologist Mary Loescher, Ph.D. (Defendant's Memo), filed July 20, 1999 *(Doc. 81)*). Correspondence from Plaintiffs to Defendant, dated January 27, 1999, states that Dr. Loescher would continue to treat Ms. Thompson and obtain new neuropsychological testing data from Ms. Thompson at some later date. Exhibit E (attached to Resp. to Def.'s Mot. to Exclude the Testimony of Mary Loescher, Ph.D. (Plaintiffs' Response), filed July 20, 1999 *(Doc. 82)*. However, on February 4, 1999, Plaintiffs provided Defendant a copy of a narrative report prepared by one of Ms. Thompson's physicians, Dr. Burg. In a letter attached to this report, Plaintiffs noted that they were "not in any way indicating that Dr. Burg [would] be the only treating physician to offer expert testimony." Exhibit I (attached to Plaintiffs' Response).

On February 16, 25 and 26, 1999, Dr. Loescher performed the second round of tests on Ms. Thompson, as the January correspondence between the parties indicated would occur. On March 12, 1999, Plaintiffs sent a copy of Dr. Loescher's Evaluation Report to Defendant summarizing the results and analysis of the February testing. Exhibit H (attached to Plaintiffs' Response). On March 22, 1999, Defendant deposed Dr. Loescher. At the deposition, Plaintiffs

provided Defendant with Dr. Loescher's *curriculum vitae* and a list of cases in which Dr. Loescher had testified. Exhibits J and K (attached to Plaintiffs' Response). On May 12, 1999, Defendant received from Plaintiffs an itemized bill of services provided by Dr. Loescher, and copies of three checks paid to Dr. Loesher by Plaintiffs' counsel, Fine and Faure. And finally, on June 17, 1999, Defendant served its Motion to Exclude Expert Testimony on Plaintiffs.

## II.     Discussion

The Court first considers whether Defendant's Motion to Exclude the Testimony of Dr. Loescher is timely. Plaintiffs argue that the Initial Pre-Trial Report stated that all pre-trial motions were to be fully briefed no later than June 17, 1999, and because this motion was not filed until July 20, 1999, it is untimely. However, Defendant is well aware that the Initial Pre-Trial Report itself specifies that "[a]ny pretrial motions filed after the above date shall be considered untimely *in the discretion of the Court*." Initial Pre-Trial Report at 12 (emphasis added). At this time, no trial date has been set, and discovery has been reopened for further investigation with regard to Plaintiffs' damages. These considerations suggest that Defendant's motion need not be considered untimely simply because it was filed after the pre-trial motions deadline as set in the Initial Pre-Trial Report.

Plaintiffs further argue that Defendant has waived its right to bar the testimony of Dr. Loescher because this motion was not filed until after the discovery deadline. Plaintiffs' citation to *Harvey v. District of Columbia*, 949 F. Supp 874 (D.D.C. 1996) for this proposition is erroneous. In *Harvey*, the defendant's motion to exclude expert testimony was made on the grounds that the FED. R. CIV. P. 26(a)(2)(B) disclosure provided by the plaintiffs was inadequate. That court denied the motion, claiming that the plaintiffs should not have waited until the day before the discovery

cut-off to raise the inadequacy of the expert report they had received more than one month earlier. In the case before this Court, Defendant has not received a Rule 26(a)(2)(B) expert report from Dr. Loescher. At issue here, is whether Dr. Loescher should indeed be considered an expert witness for the purposes of the Rule 26(a)(2)(B) disclosure requirements, and if so, whether Plaintiffs' failure to produce a Rule 26(a)(2)(B) expert report is proper grounds for exclusion of her testimony at trial. These issues are quite distinct from those raised in *Harvey*, and are timely raised by Defendant.

The Court now considers whether Dr. Loescher should have been disclosed as an expert and required to submit an expert witness report under Rule 26(a)(2)(B). Defendant claims that Plaintiffs failed to disclose Dr. Loescher as a witness "specially retained or employed to provide expert testimony." FED. R. CIV. P. 26(2)(a)(B). While recognizing that D.N.M.LR-Civ. 26.3(b) exempts treating physicians from filing a Rule 26(2)(a)(B) expert report, Defendant argues that payment to Dr. Loescher by Plaintiffs' counsel for services rendered in February and March of 1999 transform her from a treating neuropsychologist to an expert witness. As such, Defendant claims that Rule 26(a)(2)(B) disclosure and report requirements extend to Dr. Loescher.

Plaintiffs respond that Dr. Loescher is in fact a treating physician, and thus exempted from the Rule 26(a)(2)(B) obligations by local rule. Plaintiffs further argue that the Advisory Committee Notes to the 1993 Amendments to Rule 26 also exempt treating physicians from preparing a Rule 26(a)(2)(B) expert report. The Advisory Committee does indeed contemplate two classes of experts:

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

FED. R. CIV. P. 26, Advisory Committee Notes. The majority of federal courts that have examined the issue conclude that Rule 26(a)(2)(B) does not require an expert report from treating physicians or other fact witnesses, even though these experts may offer opinion testimony under FED. R. EVID. 702, 703 and 705. *See Sprague v. Liberty Mut. Ins. Co.*, 177 F.R.D. 78, 81 (D.N.H. 1998); *Piper v. Harnischfeger Corp.*, 170 F.R.D. 173, 173-74 (D. Nev. 1997); *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995). *Cf. Smith v. State Farm Fire & Cas. Co.*, 164 F.R.D. 49, 56 (S.D. W.Va. 1995). However, treating physicians and other unretained experts must limit the scope of their opinion testimony to those conclusions drawn from their own examination and treatment of the patient. *See Brown v. Best Foods*, *a Div. of CPC Intern., Inc.,* 169 F.R.D. 385, 388-89 (N.D. Ala. 1996). Opinion testimony not drawn from personal treatment of the patient is subject to Rule 26(a)(2)(B) disclosure requirements. *See Salas v. United States*, 165 F.R.D. 31, 32-33 (W.D.N.Y. 1995); *Wreath*, 161 F.R.D. at 450.

In this case, an independent party, Dr. Jonathan Burg, originally referred Ms. Thompson to Dr. Loescher for treatment. Although Fine and Faure was representing Ms. Thompson when Dr. Burg referred her to Dr. Loescher, Plaintiffs' counsel had nothing to do with the original referral by Dr. Burg. Plaintiffs' counsel did not seek out the services of Dr. Loescher. Rather, Plaintiffs' counsel entered into a relationship with Dr. Loescher because she was a treating physician of their client. In addition, there is no direct evidence before this Court indicating that Plaintiffs' counsel requested the subsequent February 1999 examination of Ms. Thompson. Again, the evaluation seems to have arisen out of communications between Ms. Thompson and her treating physicians, Dr. Burg and Dr. Loescher. Furthermore, Plaintiffs' counsel state that they did not consult with Dr. Loescher

about this case until after the second evaluation. Resp. at 13. Defendants produce no evidence to contradict this claim.

Moreover, the payments issued by Fine and Faure to Dr. Loescher do not convert her from a treating physician into an expert witness. Dr. Loescher's itemized bill for services rendered to Ms. Thompson indicates that these payments covered both the second round of neurological testing, and costs directly associated with Dr. Loescher's involvement in the litigation. Dr. Loescher is rightly entitled to a reasonable fee for the time she spent preparing for litigation. *See Brown v. Best Foods*, 169 F.R.D. 385, 388 n.3 (N.D. Ala. 1996) ("The court is not inclined to rule a payment to a treating physician of a reasonable fee for the time he or she spends testifying would automatically result in 'retaining' or 'specially employing the physician.'"). Arguments by Defendant notwithstanding, the history of this litigation does not indicate that Dr. Loescher was at any time retained or specifically employed by Plaintiffs' counsel. She is a treating physician, and as such is not subject to the requirements of Rule 26(a)(2)(B). *See also* D.N.M.LR-Civ. 26.3(b) (exempting treating physicians from the expert report requirement of Rule 26).

This Court also finds that Defendant already has a wealth of information on Dr. Loesher. Defendant knew that Dr. Loescher was a treating physician as early as November 9, 1998. Plaintiffs submitted Dr. Loescher's initial evaluations of Ms. Thompson to Defendant, as well as the results of Dr. Loescher's second round of testing in a timely fashion Resp. at 5. Plaintiffs further submitted to Defendant at Dr. Loescher's March 22, 1999 deposition her *curriculum vitae*, a list of cases in which she has testified, and her entire file on Ms. Thompson. *Id.* There is little, if anything, that Dr. Loescher did not provide to Defendant. Consequently, Plaintiffs have virtually satisfied Rule 26(a)(2)(B) even though they were not required to do so.

In addition, the fact that Defendant did not have an opportunity to examine Ms. Thompson with their own expert witness is wholly unrelated to the disclosure of Dr. Loescher as an expert. Plaintiffs told Defendant on January 27, 1999, that Dr. Loescher would be performing a second round of tests on Ms. Thompson at some later date. Defendant, therefore, could have coordinated the second round of testing to accommodate its expert's testing. In sum, I find that Defendant's Motion to Exclude the Testimony of Plaintiffs' Neuropsychologist Mary Loescher, Ph.D., is not well taken, and should, therefore, be denied.

Wherefore,

IT IS ORDERED that the Motion to Exclude the Testimony of Plaintiffs' Neuropsychologist Mary Loescher, Ph.D., filed July 20, 1999 *(Doc. 80)*, by Defendant Wal-Mart Stores, Inc., is **denied**.

DATED this 13th day of September, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | Edward F. Snow<br>Fine and Faure<br>Albuquerque, New Mexico |
| | Jeffrey A. Hyman<br>Alan S. Thompson<br>Lohf, Shaiman & Jacobs, P.C.<br>Denver, Colorado |
| Counsel for Defendant: | Steven S. Scholl<br>Nelse T. Schreck<br>Sharp, Jarmie, Scholl, & Bailey, P.A.<br>Albuquerque, New Mexico |