IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANICE THOMPSON and
DONALD L. THOMPSON,

    Plaintiffs,

    vs.                                        No. CIV 98-1034 JC/WWD

WAL-MART STORES, INC.,
a Delaware corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiffs' Motion to Allow Amendment of Witness List to Allow Addition of Authenticating Witness, filed November 2, 1999 *(Doc. 90)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Plaintiffs' Motion to Allow Amendment of Witness List is not well taken and will be denied.

**I.**     **Factual Background**

Plaintiffs Donald L. and Janice Thompson allege that while shopping with her son in Wal-Mart on January 10, 1997, Janice Thompson sustained various injuries when she was struck on the head by bags falling from a tall stack of cat litter. Wal-Mart denies liability for the incident or any injuries arising out of the incident. As part of their case, Plaintiffs seek to introduce a Falling Merchandise Report ("FMR") created and admitted in a Colorado case against Wal-Mart. The FMR allegedly tracks statistical data regarding the number and type of injuries and falls sustained in Wal-Mart Stores

across the nation from July 1, 1989 to June 30, 1994. Wal-Mart disputes the reliability and accuracy of the information contained in the FMR and refuses to authenticate the document.

Plaintiffs assert that they were unaware that Wal-Mart would refuse to authenticate the FMR, since it was introduced against Wal-Mart in a previous case in Colorado. Furthermore, Plaintiffs are incredulous that Wal-Mart claims to have no copy of the document and no ability to recreate the document. Because the discovery deadline has passed, Plaintiffs now seek to amend their witness list to include a witness to authenticate the FMR. Plaintiffs propose to call their own attorney, Jeffrey A. Hyman, who was the plaintiff's attorney in the Colorado case against Wal-Mart, or John P. Mitzner, Wal-Mart's counsel in the Colorado case, to authenticate the FMR. Defendant, on the other hand, argues that Plaintiffs were aware from the beginning of this case that Wal-Mart would refuse to authenticate the FMR, and therefore, Plaintiffs cannot amend the witness list at this late date.

## II. Analysis

### A. *Plaintiffs' Attorney Jeffrey A. Hyman*

Plaintiffs first propose to use Jeffrey A. Hyman, their own attorney, to authenticate the FMR. Plaintiffs' request to use their attorney (or the previous attorney of the defendant) to authenticate a document is highly unusual. Tradition, as well as the ethics of our profession, generally instruct counsel to avoid the risks associated with participating as both advocate and witness in the same proceeding. In fact, there are specific ethical rules restricting such conduct. The District Court of New Mexico has adopted the New Mexico Rules of Professional Conduct, *see* D.N.M.LR-Civ. 83.9, which are essentially the same as the national standard, the Model Rules of Professional Conduct as

adopted by the American Bar Association (ABA). *Compare* Rule 16-307 NMRA 1998 with ABA Model Rule of Professional Conduct, 3.7.

The ABA Comment to the Model Rules states that allowing an advocate to testify as a witness can "prejudice the opposing party" in that "[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." ABA Comment to Model Rules of Professional Conduct § 3.7. Two exceptions are allowed under the New Mexico Rules.[1] Specifically, NM Rule 16-307 provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where (1) the testimony relates to an uncontested issue,[2] or (2) the testimony relates to the nature and value of legal services rendered in the case."

Neither exception applies in this case. First, the testimony that Plaintiffs wish to elicit from Mr. Hyman is indeed a contested issue, otherwise this motion would be unnecessary. Plaintiffs assert that the document is an accurate, complete representation of all injuries suffered at Wal-Mart during the time period between July 1, 1989 and June 30, 1994. Wal-Mart disagrees with the accuracy, reliability and authenticity of the document. *See* Defendant Wal-Mart Stores, Inc.'s Response to Motion to Allow Amendment of Witness List to Allow Addition of Authenticating Witness at 2 *(Doc. 92)*. Thus, the very testimony that Plaintiffs seek to introduce is at issue in the case and contested by the parties. Second, the testimony that Plaintiffs seek to introduce has nothing to do with the nature and value of the legal services rendered in this case. Therefore, the testimony by

---

[1] 16-307 NMRA 1998 is identical to the Model Rules except for the omission of Model Rule 3.7(A)(c) which provides a third exception to the lawyer as witness prohibition where the disqualification of the lawyer would "work substantial hardship on the client." *See* ABA Model Rule 3.7(A)(c). Because the local rules do not incorporate the third exception, this Court need not address its applicability.

[2] This exception recognizes that any ambiguity in the advocate-witness role is "purely theoretical" where the matter is uncontested. *See* ABA Comment to Model Rules of Professional Conduct § 3.7.

Plaintiffs' attorney is clearly prohibited by both the New Mexico Rules of Professional Conduct and the ABA Model Rules of Professional Conduct.

### B. *Defendant's Former Attorney, John P. Mitzner*

In the alternative, Plaintiffs seek to add John P. Mitzner, Wal-Mart's former attorney, to their witness list for the purposes of authenticating the FMR. While there is no reason for this Court to believe that Mr. Mitzner will agree to the authenticity of the FMR,[3] an analysis of the admissibility of the document precludes the addition of Mr. Mitzner to the witness list.

Rule 402 of the Federal Rules of Evidence allows for the admission of relevant evidence. Relevant evidence is defined under FED. R. EVID. 401 as any evidence "having a tendency to make the existence of any fact . . . more or less probable than it would be without the evidence." However, under FED. R. EVID. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." *Id.* The FMR purports to contain a list of incidents in which other Wal-Mart customers were injured by falling items, slippery floors or anything else. Recognizing that the document could be deemed a list of prior acts, Plaintiffs wish to admit the FMR as evidence that Wal-Mart had notice of unsafe conditions that existed in Wal-Mart stores leading to the injuries suffered by other customers in their stores. *See* Mem. in Supp. of Pls.' Mot. at 6 *(Doc. 91)*.

---

[3] The FMR was ordered created by the trial court judge in the *Scharrel* case against Wal-Mart in Colorado. *See* Mem. in Supp. of Pls.' Mot. at 2 *(Doc. 91)*. The document was created by Claims Management, Inc., Wal-Mart's claims administrator. *See* Def.'s Resp. at 2 *(Doc. 92)*. Therefore, Mr. Mitzner was never given the opportunity to challenge the authenticity of the FMR. Consequently, the admission of the document was one basis for an appeal by Mr. Mitzner on behalf of Wal-Mart. *See Scharrel v. Wal-Mart Stores, Inc.*, 949 P.2d 89 (Colo. App.1997)

Assuming for the purposes of this opinion that the FMR is relevant to Plaintiffs' claims, and not otherwise barred by Rule 404(b), the examination of admissibility is not yet complete. Otherwise admissible evidence may be deemed inadmissible if the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. Determinations of relevance and prejudice under Rule 403 lie within the discretion of the district court. *See Vining on Behalf of Vining v. Enterprise Fin. Group, Inc.*, 148 F.3d 1206, 1218 (10th Cir. 1998). Thus, when ruling on admissibility under Rule 403, "the task of the trial judge is one of balancing the probative value of and need for the evidence against the harm likely to result from its admission." *C.A. Associates v. Dow Chemical Co.*, 918 F.2d 1485, 1489 (10th Cir.1990) (quoting *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1257 (10th Cir. 1988)). This is a task to which the trial judge is particularly suited because of his familiarity with the full array of the evidence. *See C.A. Associates* at 1489.

The FMR is a compilation of falling merchandise claims from July 1989 to June of 1994. The actual document is voluminous, containing over 300 pages and over 17, 000 incidents. Each entry uses a very short description to record the date of incident, any injury, the department in which the incident occurred and what happened. The document covers incidents nationwide during the time period stated. There is no breakdown by state, store or store injuries. Furthermore, the FMR is based on the self-report of Wal-Mart customers. In other words, the report does not contain any indication of the relative fault of Wal-Mart and its customers in each of these incidents.

Because of the nature of the FMR, the danger of unfair prejudice to Wal-Mart from the document is very high. If the FMR is admitted, there is a significant probability that the jury will be influenced by the sheer size of the document and numerosity of the incidents recorded. The case

before this Court concerns Wal-Mart's liability as to the events that occurred on January 10, 1997 to Janice Thompson in Albuquerque, New Mexico, and the possibility that nationwide incidents recorded during a five-year period three years before the event instigating this lawsuit may mislead and confuse the jury is substantial. It is likely that the jury could mistake the document for one that shows a record of recent injuries, injuries suffered in New Mexico stores, or injuries for which Wal-Mart admits liability; none of which may be attributed to this document.

Plaintiffs argue that the FMR is necessary to show that Wal-Mart had notice of unsafe "merchandising practices."[4] However, the probative value of this document does not overcome the danger of unfair prejudice to Defendant if the document is admitted. At most, the document demonstrates that Wal-Mart had notice that things fell from shelves three years earlier in stores across the nation. Plaintiffs fail to demonstrate a nexus between this information and this particular Wal-Mart incident. Furthermore, Defendant has already provided Plaintiffs with a list of falling merchandise incidents in this particular store for a five-year period prior to Janice Thompson's injuries. *See* Def.'s Resp. to Pls.' Mot. to Compel Disc. at 5 *(Doc. 46)*. Accordingly, more appropriate data is available for Plaintiffs to establish notice of unsafe conditions.

## III.    Conclusion

Testimony by Plaintiffs' attorney regarding the authenticity of the FMR is prohibited by the New Mexico Rules of Professional Conduct. Plaintiffs' proposed alternative witness need not be considered given the highly prejudicial nature of the FMR. The FMR is voluminous, containing thousands of incidents at Wal-Mart Stores throughout the country. Such a document could easily

---

[4] "Merchandising practices" referred to by Plaintiffs include maintaining a warehouse type shopping atmosphere in which as much merchandise is displayed and available to the customer as possible. *See* Pls.' Mot. to Compel Including Auth. at 4 *(Doc. 45)*.

mislead the jury away from the issue at hand--whether Wal-Mart is liable for these Plaintiffs' injuries at this Wal-Mart. Thus, the FMR cannot overcome the hurdle set by FED. R. EVID. 403. Because the document is inadmissible even if properly authenticated, it is not necessary for Plaintiffs to amend the witness list after the discovery deadline has passed. Therefore, Plaintiffs' motion will be denied.

Wherefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Allow Amendment of Witness List to Allow Addition of Authenticating Witness, filed November 2, 1999 *(Doc. 90)*, is **denied**.

IT IS FURTHER ORDERED that the document referred to as the "Falling Merchandise Report," covering incidents occurring in Wal-Mart Stores nationwide from July 1, 1989 to June 30, 1994, is **inadmissible**.

DATED this 1st day of December, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | Edward F. Snow<br>Fine & Faure, P.A.<br>Albuquerque, New Mexico |
| | Jeffrey A. Hyman<br>Alan S. Thompson<br>Lohf, Shaiman & Jacobs, P.C.<br>Denver, Colorado |
| Counsel for Defendant: | Steven S. Scholl<br>Nelse T. Schreck<br>Sharp, Jarmie, Dixon, Scholl<br> & Bailey, P.A.<br>Albuquerque, New Mexico |